IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEIKOKU PHARMA USA, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAR LABORATORIES LLC, a Nevada limited liability company,<br><br>Defendant. | Civil Case No. 12-cv-01864 |
| JAR LABORATORIES LLC, Counterclaimant,<br><br>v.<br><br>TEIKOKU PHARMA USA, INC. a California corporation,<br>Counterclaim Defendant. | |

**SUPPLEMENTAL DECLARATION OF JOSEPH A. MECKES IN SUPPORT OF TEIKOKU PHARMA USA, INC.'S MOTION FOR SUMMARY JUDGMENT**

David S. Elkins
Noriyuki Shimoda
Joseph A. Meckes
SQUIRE SANDERS (US) LLP
600 Hansen Way
Palo Alto, CA 94304-1043
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Jack J. Carriglio
MECKLER BULGER TILSON MARICK & PEARSON
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-7900
Facsimile: (312) 474-7898

Attorneys for Plaintiff and Counterclaim Defendant
TEIKOKU PHARMA USA, INC.

I, Joseph A. Meckes, declare as follows:

1. I am an attorney-at-law, admitted to practice before the courts of the State of California and before this Court, and am a partner in the law firm of Squire Sanders (US) LLP. I am one of the attorneys of record for the Plaintiff/Counterclaim Defendant, Teikoku Pharma USA, Inc. ("TPU"), in this action. I am personally familiar with the facts set forth below and, if called as a witness, could and would testify competently thereto.

2. Attached as **Exhibit A** is a true and correct copy of excerpts of the deposition transcript of Robert Schwartz of Supply Chain Concepts LLC. Attached hereto as **Exhibit B** are true and correct copies of the Sales Agreement between JAR Laboratories and Supply Chain Concepts LLC, which is referred to by Robert Schwartz in his transcript as an "independent contractor agreement." Exhibit B contains both a signed copy of the Sales Agreement (Exhibit 28 to the Schwartz Deposition) and a more legible version (Exhibit 27 to the Schwartz Deposition). Attached hereto as **Exhibit C** are true and correct copies of e-mails sent by Mr. Schwartz on behalf of JAR which were marked as Exhibits 30, 31, 32 and 33 at the Schwartz deposition. Attached hereto as **Exhibit D** is Exhibit 35 to the Schwartz Deposition.

3. On May 8, 2012, I served discovery on behalf of TPU seeking production of at least 15 samples of the LidoPatch product. On June 7, 2012, JAR responded that it would not produce samples because "samples are neither relevant nor calculated to lead to discovery of admissible evidence."

4. On June 25, 2012, as part of a meet-and-confer discussion, JAR's counsel informed me that JAR had no samples of the LidoPatch product to produce for inspection and testing. I confirmed counsel's representation in a letter, which is attached hereto as **Exhibit E.** Counsel did not contradict this point.

5. Months later, during the deposition of JAR's Rule 30(b)(6) designee, I learned that, in fact, JAR had been testing "hundreds" of patch prototypes throughout the litigation, directly contradicting counsel's representations to the contrary. I initiated a meet-and-confer process, which included the letter attached as **Exhibit F.**

6. To compromise this issue, JAR's counsel Annette McGarry sent a letter dated January 4, 2013, a copy of which is attached as **Exhibit G**. In the letter, Ms. McGarry stated that only prototype samples from "the time when the press release was issued on March 14, 2012" were relevant to JAR's counterclaims for defamation and product disparagement. Ex. F, ¶2. Ms. McGarry stated that JAR did "not have any prototypes from before the filing of the lawsuit nor did it have a duty to maintain any." Id. ¶3. Because "the formulation for LidoPatch changed in late March 2012," Ms. McGarry stated that later prototypes could not be relevant to JAR's counterclaims. *Id.* ¶2. JAR later permitted TPU to look at and photograph these packaging of these subsequent "irrelevant" prototypes, but refused to permit TPU to undertake any testing of them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 25, 2013 in San Francisco, California.

*/s/ Joseph A. Meckes*<br>
Joseph A. Meckes